IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RODNEY BOOMER,

    **Plaintiff,**

v.                                                      Civil Action No. 2:11-cv-7
                                                           (Judge Bailey)

KUMA DEBOO, et al.,

    **Defendants.**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

On this day, the above-styled matter came before the Court for consideration of the Civil Rights complaint of the plaintiff, Rodney Boomer. A review of the file shows that the plaintiff initiated this case on January 25, 2011. With his Complaint, the plaintiff also filed an Application for Leave to Proceed *in forma pauperis*, a Prisoner Trust Account, and a Consent to Collection of Fees from Trust Account. The plaintiff's request to proceed as a pauper was granted on January 26, 2011. However, the plaintiff was ordered to pay an initial filing fee of $10.67 within twenty-eight (28) days of entry of the date of the order granting him pauper's status. The order was sent to the plaintiff by certified mail, return receipt requested. Service was accepted at the U.S. penitentiary in Coleman, Florida on January 31, 2011.

On March 1, 2011, Magistrate Judge Joel conducted a review of the file and determined that the plaintiff had failed to pay the required initial filing fee. Therefore, Magistrate Judge Joel directed the plaintiff to show cause within fourteen (14) days, why the Complaint should not be dismissed for the failure to prosecute. Magistrate Judge Joel advised the plaintiff that the failure to show cause would result in dismissal of his case.

Again, the order was sent by certified mail, and service was accepted at the Coleman penitentiary on March 7, 2011.

Upon review of the file on this date, the Court finds that the plaintiff has not complied with the Court's order of March 1, 2011, has not requested an extension of time to do so, or otherwise explained his reasons for noncompliance. Accordingly, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, it is **ORDERED** that the plaintiff's Complaint [Dckt. 1] is hereby **DISMISSED WITHOUT PREJUDICE** for the failure to prosecute. It is further **ORDERED** that this civil action be **DISMISSED** and **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this order to the plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: March 22, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE