IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RODNEY BOOMER,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 2:11cv7**
　　　　　　　　　　　　　　　　　　　　　　　　**(Judge Bailey)**

**KUMA J. DEBOO,**
**SHU OFFICER BARNES,**
**SHU OFFICER DUKICH,**
**SHU OFFICER PHARRELL,**
**COUNSELOR DICKENS,**

    **Defendants.**

## REPORT AND RECOMMENDATION

### I.  PROCEDURAL HISTORY

The *pro se* plaintiff initiated this case on January 25, 2011, by filing a complaint entitled "Bivens Torts Claim." It was construed as a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), a case in which the Supreme Court created a counterpart to 42 U.S.C. § 1983 and authorized suits against federal employees in their individual capacities. On January 26, 2011, the plaintiff was granted permission to proceed *in forma pauperis* and ordered to pay an initial partial filing fee of $10.67. On March 1, 2011, the plaintiff was ordered to show cause why he had failed to pay the required initial partial filing fee. On March 22, 2011, the case was dismissed for failure to prosecute. On April 19, 2011, the plaintiff's Motion to Reopen was granted, and on May 5, 2011, the plaintiff paid the required initial partial filing fee.

On May 31, 2011, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not appropriate at that time. Sixty-day summonses were issued that same

day.

On August 10, 2011, the defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. A Roseboro Notice was issued on August 2, 2011. On September 12, 2011, the plaintiff filed his response. Accordingly, this case is before the undersigned for a report and recommendation on the defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment and the plaintiff's response.

## II. CONTENTIONS OF THE PARTIES

*A.   The Complaint*

At all times relevant to this complaint, the plaintiff was a federal prisoner incarcerated at FCI Gilmer, which is located in Glenville, West Virginia. The plaintiff's complaint alleges that on May 21, 2010, the Special Housing Unit ("SHU") became flooded. He further alleges that he requested supplies to clean up the water but his request was denied. The plaintiff maintains that he slipped in the water, fell, and hit his head. He claims that he suffered head, neck, and back injuries. The plaintiff also maintains that the flooding and his fall were captured on video, but staff failed to investigate the incident or preserve the video despite his request that they do so. For relief, the plaintiff seeks $1,000,000 in compensatory damages and $500,000 in punitive damages.

*B.   Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment*

In support of their Motions, the defendants allege that:

1. The plaintiff has not exhausted available administrative remedies with respect to his Bivens claim.

2. The plaintiff's allegations fail to state a constitutional claim.

3. The plaintiff's claims against the defendants in their official capacities must be dismissed.

4. The defendants are entitled to qualified immunity.

5. <u>Bivens</u> liability may not be premised on a theory of respondeat superior.

6. The plaintiff's FTCA should be dismissed for lack of subject matter jurisdiction.

C.   *Plaintiff's Response*

In response to the defendants' Motion to Dismiss, or in the alternative, for Summary Judgment, the plaintiff states that he filed a "pro se complaint pursuant to the Federal Tort Claim Act. The use of the word Biven noted at the face and back page of Plaintiff's complaint is a word error, which plaintiff states in correction." (Doc. 48, p. 2). The plaintiff continues by noting that he "mistakenly indicated the word Biven on the face of his complaint. Therefore, the Plaintiff requests this Honorable Court to review his claim pursuant to the Federal Tort Claim Act and disregard any Bivens allegation by the Defendants." (Doc. 48, p. 3). With respect to the defendant's request to dismiss his FTCA, the plaintiff notes that the BOP has six months from the date of his administrative claim in which to respond and take action. The plaintiff maintains that his administrative claim is dated May 21, 2010, and was handed by sealed envelope to the night shift SHU Z02 range officer to be mailed out of FCI Gilmer to the regional office for timely response. The plaintiff alleges that the BOP responded on May 27, 2011, one year later, which shows that the BOP gave an untimely response to his claim in violation of 28 U.S.C. § 2675.

## III.   STANDARD OF REVIEW

A.   *Motion to Dismiss*

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan

3

Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads

4

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

*B.  Summary Judgment*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In applying the standard for summary judgment, a court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex, 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but...must set forth specific facts showing that there is a

genuine issue for trial." Anderson, 477 U.S. at 256. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248. To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, 475 U.S. at 587 (citation omitted).

### IV.     ANALYSIS

*A.     Bivens*

As previously noted, the plaintiff's complaint was docketed as a civil right complaint pursuant to Bivens. However, the plaintiff is very definite in his response to the defendants' Motion to Dismiss or for Summary Judgment that he never intended to pursue a Bivens claim. Therefore, the undersigned has not undertaken an analysis as to whether a Bivens claim could survive the defendants' motion.

*B.     FTCA*

The FTCA is a comprehensive legislative scheme by which the United States has waived its sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States. The United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the FTCA. Dalehite v. United States, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), and 2671-2680.

As a prerequisite for filing a civil action against the United States, the FTCA requires a plaintiff to present an administrative claim. 28 U.S.C. § 2675. Moreover, the presentation of an administrative claim is a jurisdictional requirement and cannot be waived. See Muth v. United States, 1 F.3d 246, 249 (4th Cir. 1993). The claimant cannot pursue a claim in federal court until his administrative claim has been finally denied by the agency in writing and sent by certified or registered mail. However, the failure of an agency to make a final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of the FTCA. 28 U.S.C. § 2675(a). In addition, a FTCA may not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim. 28 U.S.C. § 2675(b).[1]

When the plaintiff initiated this action, he did not attach either his administrative claim for injuries resulting from his fall at FCI Gilmer on May 21, 2010, or a letter rejecting his administrative claim by the BOP. Therefore, the undersigned was unaware that the plaintiff was attempting to file a FTCA. However, the defendants, in reviewing BOP files to answer the complaint, discovered that the plaintiff did file an administrative claim with the BOP. The defendants allege that said claim was not filed until May of 2011, after he had initiated the instant action. Additionally, the defendants maintain that as of August 8, 2011, there had been no final agency determination, and moreover, the agency had until October 2011 to make a final determination.

---

[1] The plaintiff's administrative claim was for $65,000, and nowhere in his complaint with this court does he indicate a justification for asking for $1,000.000 in compensatory damages.

The failure of a plaintiff to exhaust his administrative remedies prior to filing suit deprives a court of subject matter jurisdiction. See McNeil v. United States, 508 U.S. 106 (1993); Plyer v. United States, 900 F.2d 41 (4th Cir. 1990). In addition, a court is not allowed to hold the case in abeyance until a plaintiff presents an administrative tort claim with the appropriate agency, and the six month time period expires. See 28 U.S.C. § 2675. As the Fourth Circuit noted, "[s]ince the district court has no jurisdiction at the time the action was filed, it could not obtain jurisdiction by simply not acting on the Motion to Dismiss until the period had expired." Plyer, 900 F.2d at 42 (citation omitted). Accordingly, the defendants have moved this court to dismiss the plaintiff's FTCA for lack of subject matter jurisdiction.

In response, the plaintiff has attached his Administrative Tort Claim, which indicates that the date of the accident resulting in his injury was May 21, 2010, and also indicates that the date of claim is May 21, 2010. The plaintiff has also attached a letter from the BOP, dated May 27, 2011, which acknowledges receipt on May 16, 2011 of his administrative claim for personal injury at FCI Gilmer on May 21, 2010. Although not specifically articulated, it appears that the plaintiff may be arguing that the BOP did not make a final disposition of his administrative claim within six months after it was filed, and he has elected to deem such inaction a final denial of the claim for purposes of the FTCA. If supported by the record, the plaintiff would be entitled to proceed with his FTCA. However, it is clear that a reasoned review of the record establishes that the plaintiff's administrative claim could not have been signed on or near the date of May 21, 2010.

First, it is undisputed that the plaintiff's slip and fall occurred on May 21, 2010. The medical records establish that the plaintiff was seen at Stonewall Jackson Memorial Hospital at 10:05 p.m. on May 21, 2010. (Doc. 33-1, p. 10). The plaintiff left the emergency room department for FCI Gilmer

at 12:18 a.m. on May 22, 2010. Therefore, it would have been impossible for the plaintiff to have completed the administrative claim and given it to the SHU night shift supervisor on May 21, 2010, unless he obtained the forms, filled them out, and gave them to the SHU supervisor all before he was taken to the outside hospital. Moreover, a close reading of the administrative claim establishes that the plaintiff refers to the grievance process and indicates that his attempts at resolution were filed but unanswered and unlawfully disrupted at each level. The record establishes that the plaintiff signed his Regional Administrative Remedy Appeal on July 5, 2011, and it was received on July 30, 2011. It was rejected on August 5, 2010 as untimely. A correctional counselor sent a letter, dated August 16, 2010, to the Regional Office, explaining why the plaintiff's appeal was late. The Regional Appeal was rejected as untimely again after the Regional Office failed to grant an extension based on the memo from the correctional counselor. Therefore, because the plaintiff refers to the grievance procedure, it is impossible for the plaintiff to have signed his administrative claim on the same day as his fall. Finally, it is pertinent to note that when the plaintiff filed his complaint on January 25, 2011, he attached his grievances but did not attach his administrative claim despite the fact that he now insists that he never intended to filed a <u>Bivens</u> claim but instead a FTCA. Reason would dictate that if the plaintiff had filed his administrative claim prior to initiating his FTCA, he would have attached the same as an exhibit.

The plaintiff bears the burden of establishing this court's jurisdiction to entertain his FTCA. However, the exhibits submitted to the Court do not support a finding that he submitted his administrative claim at least six months prior to filing his FTCA with this court. Rather, the weight of the evidence establishes that he did not submit his claim until May of 2011, more than three months after he filed his FTCA. Therefore, this court lacks jurisdiction to consider his FTCA.

9

## V. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the plaintiff's complaint be construed as asserting only a claim under the FTCA. Because the plaintiff did not exhaust his administrative claim prior to filing his complaint with this court, the defendants' Motion to Dismiss, on in the Alternative, for Summary Judgment (Doc. 31) should be **GRANTED** and the plaintiff's complaint (FTCA) should be **DISMISSED WITHOUT PREJUDICE**

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk is further directed to provide a copy of this Report and Recommendation to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: December 13, 2011

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE