**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**RODNEY BOOMER,**

      Plaintiff,

**v.**                                                    **CIVIL ACTION NO. 2:11-CV-07
(BAILEY)**

**KUMA J. DEBOO, et al.,**

      Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.**     **Introduction**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel [Doc. 54]. By Standing Order, entered on March 24, 2000, this action was referred to Magistrate Judge Joel for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Joel filed his R&R on December 13, 2011. In that filing, the magistrate judge recommends that this Court dismiss plaintiff Rodney Boomer's Complaint [Doc. 1] for failure to exhaust his administrative remedies, as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, *et seq.*

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

1

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due by January 3, 2012. Boomer timely objected to the R&R on January 3, 2012 [Doc. 56]. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court will review the remainder of the R&R for clear error.

## II. Background

According to the Complaint, Boomer was being housed in the Special Housing Unit ("SHU") at the Federal Correctional Institution ("FCI") at Gilmer, West Virginia, on May 21, 2010. On that date, another inmate housed at the SHU flooded his cell, which in turn began to flood Boomer's cell. During the flooding, Boomer slipped and hit his head. He was then transported to Stonewall Jackson Memorial Hospital in Weston, West Virginia. Boomer was discharged shortly after midnight on May 22, 2010, and transported back to FCI Gilmer. Upon his return to the SHU, Boomer asserts he requested an administrative claim form, filled in the required information, readied the form for mailing by placing it in a stamped envelope addressed to the Mid-Atlantic Regional Office of the Federal Bureau of Prisons ("BOP"), and handed the envelope to the SHU morning shift officer between 3:00 a.m. and 4:00 a.m., on May 22, 2010.

On January 25, 2011, Boomer filed his Complaint, which he titled "Bivens Torts Claim." As such, Boomer's Complaint was first construed as brought pursuant to **Bivens**

*v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  However, in responding to the Government's subsequent Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [Doc. 31], Boomer clarified that had intended to pursue relief under the FTCA.  (See [Doc. 48] at 3).  In arguing for dismissal, the Government contends that should Boomer's claim be construed as brought pursuant to the FTCA, the claim must be dismissed for failure to exhaust his administrative remedies.  Boomer counters that he filed an administrative claim form dated May 21, 2010, and that his claim should be deemed denied pursuant to 28 U.S.C. § 2675(a) because the BOP failed to make final disposition within six months of filing.  In support of this argument, Boomer attaches a letter dated May 27, 2011, from the BOP acknowledging receipt of his administrative claim on May 16, 2011.  (See [Doc. 48] at 19).

On December 13, 2011, Magistrate Judge Joel entered the instant R&R, recommending that this Court dismiss Boomer's Complaint for failure to exhaust his administrative remedies.  In making this recommendation, the magistrate judge found that "a reasoned review of the record establishes that [Boomer's] administrative claim could not have been signed on or near the date of May 21, 2010."  ([Doc. 54] at 8).  Among other things, the magistrate judge noted that the administrative claim form dated May 21, 2010, references Boomer's administrative efforts to retrieve a video he claims captured his fall, though those efforts did not occur until July 2010. (Id. at 9).  "Rather," the magistrate judge concluded, "the weight of the evidence establishes that [Boomer] did not submit his claim until May of 2011, more than three months after he filed his FTCA.  Therefore, this court lacks jurisdiction to consider his FTCA."  (Id.).

## III.    Discussion

In his Objections [Doc. 56], Boomer argues that Magistrate Judge Joel erred by not deeming his administrative claim denied before the filing of his Complaint, reasserting that he handed the completed claim form in a stamped and addressed envelope to SHU personnel on May 22, 2010.  While this Court tends to agree that the evidence presented calls into question when Boomer delivered his administrative claim for mailing, this Court instead finds dispositive that, according to the undisputed evidence, the BOP did not *receive* Boomer's claim until May 16, 2011.  As such, this Court adopts Magistrate Judge Joel's recommendation to reject Boomer's argument that his administrative claim should be deemed denied at the time of the filing of his Complaint.

No action may be brought under the FTCA unless the plaintiff has first presented his or her claim to the appropriate federal agency and the agency has either denied the claim or failed to act on it within six months of its presentment.  See 28 U.S.C. § 2675(a); **McNeil v. United States**, 508 U.S. 106, 124 (1993).  This presentment requirement is a jurisdictional prerequisite to suit and thus must be satisfied at the time the FTCA claim is filed.  *See* **Plyer v. United States**, 900 F.2d 41, 42 (4th Cir. 1990).

Boomer asserts that he delivered his administrative claim for mailing on May 22, 2010.  Boomer and the Government agree that the BOP acknowledges receiving the claim on May 16, 2011.  Thus, the dispositive issue is whether the mailbox rule applies to deem Boomer's claim denied six months after May 22, 2010.

The Fourth Circuit has yet to decide whether the mailbox rule applies to the presentment requirement of the FTCA.[1]  However, "virtually every circuit to have ruled on the issue has held that the mailbox rule does not apply to [FTCA] claims, regardless of whether it might apply to other federal common law claims."  **Vacek v. United States Postal Serv.**, 447 F.3d 1248, 1252 (9th Cir. 2006) (joining sister circuits in rejecting the mailbox rule in the FTCA context); see **Drazen v. United States**, 762 F.2d 56, 58 (7th Cir. 1985); **Bellecourt v. United States**, 994 F.2d 427, 430 (8th Cir. 1993); **Moya v. United States**, 35 F.3d 501, 504 (10th Cir. 1994); **Lightfoot v. United States**, 564 F.3d 625, 628 (3d Cir. 2009).  Finding the reasoning in these opinions persuasive, this Court concludes that the mailbox rule does not apply to the presentment requirement of the FTCA.  In other words, presentment requires that the appropriate agency *receive* the claim before it can be deemed denied under § 2675(a) of the FTCA.

In the instant case, it is uncontroverted that the BOP did not receive Boomer's claim until May 16, 2011.  At the earliest, therefore, Boomer could not have had his claim deemed denied until November 2011.  However, he filed the instant Complaint in January 2010.  Thus, at the time of the filing of his Complaint, Boomer had failed to exhaust his administrative remedies as required by § 2675(a) of the FTCA.  As such, this Court agrees with Magistrate Judge Joel that subject matter jurisdiction is currently lacking.  Accordingly, Boomer's objections are hereby **OVERRULED**.

---

[1] Authority in the Eastern District of Virginia provides support for concluding that the mailbox rule does not apply.  See **Barlow v. Avco Corp.**, 527 F.Supp. 269, 273 (E.D. Va. 1981); **Crack v. United States**, 694 F.Supp. 1244, 1247-48 (E.D. Va. 1988).

## IV. Conclusion

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 54]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein as well as the additional reasons stated herein. Further, the petitioner's Objections **[Doc. 56]** are **OVERRULED**. Accordingly, the defendants' Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment **[Doc. 31]** is hereby **GRANTED** and consequently the plaintiff's Complaint **[Doc. 1]** is hereby **DISMISSED WITHOUT PREJUDICE**. As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the defendants and strike this case from the active docket of this Court. As a final matter, upon an independent review of the record, this Court hereby **DENIES** the plaintiff a certificate of appealability.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED**: January 12, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE